The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
STEPHANIE CARTER, RUSSELL CARTER

## DEFENDANTS
GOOGLE, INC.

(b) County of Residence of First Listed Plaintiff **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jeffrey L. Kodroff, John A. Macoretta, SPECTOR ROSEMAN KODROFF & WILLIS, P.C. - 1818 Market Street - Suite 2 500 - Philadelphia, PA 19103

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- x 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander    ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine    **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability    ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability    ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury    ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | x 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting    ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations    **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare    ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment    ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other    ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- x 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. § 2510, et seq.
Brief description of cause:
Wiretap Act

## VII. REQUESTED IN COMPLAINT:
X CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: x Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: June 2, 2010

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| STEPHANIE CARTER & RUSSELL CARTER | : | CIVIL ACTION |
| v. | : | |
| GOOGLE, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( x )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| | | |
|---|---|---|
| __June 2, 2010__ | _/s/_ Attorney-at-law | __Plaintiffs__ |
| **Date** | | **Attorney for** |
| 215-496-0300 | 215-496-6611 | jmacoretta@srkw-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Stephanie & Russell Carter, 214 Pelham Road, Philadelphia, PA 19119

Address of Defendant: Google, Inc., 1600 Ampitheatre Parkway, Mountain View, CA

Place of Accident, Incident or Transaction: 214 Pelham Road, Philadelphia, PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☐

Does this case involve multidistrict litigation possibilities?  YesX☐  No☐

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  NoX

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  NoX

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  NoX

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  NoX

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. x☐ All other Federal Question Cases
    (Please specify) 18 USC 2510, et seq.

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
(Check Appropriate Category)

I, John A. Macoretta _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: June 2, 2010 _____  [signature]  Pa. Bar # 60094 _____
                                  Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: June 2, 2010 _____  John A. Macoretta [signature]  PA Bar # 60094 _____
                                  Attorney-at-Law                Attorney I.D.#

CIV. 609 (6/08)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPHANIE AND RUSSELL CARTER,        :
ON BEHALF OF THEMSELVES AND          :
ALL OTHERS SIMILARLY                 :
SITUATED                             :
                                     :          **Civil Action No.**
           v.                        :
                                     :
                                     :
GOOGLE, INC.                         :

Plaintiffs, by their attorneys, upon personal knowledge as to themselves and their own acts and upon information and belief as to all other matters, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiffs, Stephanie and Russell Carter ("Plaintiffs"), bring this class action Complaint against Defendant Google Inc. ("Google" or "Defendant"), headquartered in Mountain View, California, for using its Google Street View vehicles to intercept and capture electronic data being transmitted over the open Wi-Fi networks of millions of U.S. citizens.

2. Google operates a service called Street View, which is incorporated into its Maps and Earth services. Street View allows users of Google Maps and Google Earth to view actual photos of addresses throughout the United States and the world. In order to provide this service, Google has outfitted vehicles with specially designed cameras that take millions of photos as these camera-equipped vehicles drive our nation's streets.

3. Unbeknownst to the world, Google also equipped these vehicles with proprietary technology that records all data being transmitted on open Wi-Fi networks within range as they drive around photographing most of the U.S. and much of the world.

4.   This means that Google recorded all data sent over wireless networks, including passwords, credit card numbers and emails sent or received over open Wi-Fi networks while in range of Google's Street View vehicles. All without telling anyone.

5.   Google's actions are in violation of Title II of the Omnibus Crime Control and Safe Streets Act of 1968 as amended by the Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2511, *et s eq*. (the "Wiretap Act").

## PARTIES

6.   Plaintiffs Stephanie and Russell Carter, husband and wife, are residents of Philadelphia, PA. During all relevant times they used an open Wi-Fi network at their residence. Their residence is viewable on Google Street View. The images available on Street View confirm that Plaintiffs lived at this residence while Google Street View vehicles photographed their home.

7.   Plaintiffs used their open, unencrypted wireless internet connection to transmit and receive personal and private data. Upon information and belief, Google has collected and stored private Wi-Fi data from the Plaintiffs.

8.   Defendant Google Inc. develops and operates a variety of Internet-based products and services, including the world's most-visited website, www.google.com. It is a Delaware Corporation headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google Inc. does business across the United States.

## JURISDICTION AND VENUE

9.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, as this case involves violations of the Wiretap Act, 18 U.S.C. § 2511.

10. Venue is proper in this District because defendant Google conducts business in this District and the illegal acts complained of -- the interception of electronic communications -- took place, in part, within this District.

## FACTS

**Google Street View**

11. On May 25, 2007, Google launched an enhancement to its Maps and Earth programs known as Google Street View (http://maps.google.com/help/maps/streeview/).

12. Google Street View features panoramic photographs of the streets and surrounding environs. Upon entering a specific location or address into Street View, users can pan and zoom so as to view exactly how that particular location nor address appears.

13. Google Street View covers most of the U.S. and parts of other countries.

14. Google captures the millions of photos necessary for these connected panoramas by traveling the globe in specially equipped vehicles. These vehicles are equipped with nine directional cameras that record continual and connected 360-degree horizontal/290-degree vertical photos of the streets traveled.

**Personal Data was being Collected**

15. As it turns out, Google's Street View vehicles are equipped with more than just cameras and are being used to capture more than just images.

16. The vehicles are also equipped with devices and antennas for intercepting and collecting Wi-Fi network data.

17. Google has engaged in an ongoing campaign to illegally collect data from wireless communications across the United States while it was taking panoramic photos of various locations.

18. On April 27, 2010, Google posted an entry on its European Public Policy Blog in response to inquiries from the German Data Protection Authority ("DPA") concerning the specific data Google's Street View vehicles collect.[1] In this post, Google explains that it collects the SSID (the Wi-Fi network name) and MAC address (basically the ID number of the Wi-Fi network's hardware).

19. Google goes onto explain in its post:

> **What do you mean when you talk about WiFi network information?**
>
> WiFi networks broadcast information that identifies the network and how that network operates. That includes SSID data (i.e. the network name) and MAC address (a unique number given to a device like a WiFi router).
>
> Networks also send information to other computers that are using the network, called payload data, but Google does not collect or store payload data.

20. "Payload data" refers to the actual data being carried by a network, such as the content of websites, passwords entered, and the contents of emails. In short, it is the content an individual views and uses online.

21. On its April 27 post Google claimed it did not collect payload data.

22. Then, on Friday, May 14, 2010, Google announced via another blog post that it had been using its Street View vehicles to collect payload data of open Wi-Fi networks for several years.[2]

---

[1] http://googlepolicyeurope.blogspot.eom/2010/04/data-collected-by-google-cars.html.

[2] http://googleblog:blogspot.com/2010/05/wifi-data-colleciton-update.html or http://googlepublicpolicy.blogspot.como/2010/05/wifi-data-collection-update.html.

4

23. Google acknowledged that it had developed the methods for collecting data in 2006 – before the launch of Street View. It launched the payload data collection in 2007 – the same year it launched Street View.

24. The payload data that Google collected is not reasonably accessible by the general public. Payload data is not readable by members of the public without sophisticated decoding and processing technology. Plaintiffs and members of the public did not give their consent to Google to collect this data, nor did they have knowledge that Google Street View vehicles have been collecting this data.

25. On May 19, 2010, while speaking at the Google I/O conference, Google co-founder Sergey Brin admitted that Google's actions were wrong:

> In short, let me just say that we screwed up. I'm not going to make any excuses about it. The answer is yes. We do have a lot of internal controls in place but obviously they didn't prevent this error from occurring.

www.zdnet.com/blog/btl/sergey-brin-we-screwed-up-on-wifi-data-collectio/34579.

26. While Google has characterized this privacy invasion as an "error," it has not identified the type or quantity of the data collected. Additionally, Google has not disclosed where the data resides, whether it has been copied or transmitted to other persons or entities, or who has accessed the data in the three years Google has gathered it.

27. It is likely that hundreds of Google employees have access to the illegally collected wireless data Google maintains on its servers.

28. Government agencies around the world have begun investigating Google's conduct. The United States Federal Trade Commission has announced an inquiry, as have officials in Australia, Hong Kong, Germany, the Czech Republic and other European countries.

## CLASS ALLEGATIONS

29. Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of themselves and the following Class:

> All persons in the United States whose Wi-Fi data was collected by Google between January 1, 2007 and the present.

Excluded from the Class are Defendant, its legal representatives, assigns, and successors, and any entity in which Defendant has a controlling interest. Also excluded is the judge to who this case is assigned and the judge's immediate family.

30. The Class consists of millions of persons, making joinder impractical.

31. Plaintiffs' claims are typical of the claims of all of the other members of the Class.

32. Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of other members of the Class.

33. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and will have no effective remedy. Class-wide treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, avoids inconsistent adjudications and promotes efficiency.

34. Google has acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the Class, requiring the Court's imposition of uniform relief to ensure a compatible standard of conduct toward the members of the Class.

35. The factual and legal bases of Google's liability to Plaintiffs and to the other members of the Class are the same, resulting in injury to Plaintiffs and all of the other members of the Class. Plaintiffs and the other members of the Class have all suffered harm and damages as a result of Google's wrongful conduct.

36. There are many questions of law and fact common to the claims of Plaintiffs and the other members of the Class, and those questions predominate over any questions that my affect individual members of the Class.

37. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members and a class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

38. Plaintiffs reserve the right to revise the Class definition based on facts learned in discovery.

## TOLLING AND FRAUDULENT CONCEALMENT

39. Plaintiffs and members of the Class did not discover, and could not have discovered through the exercise of reasonable diligence, the nature of Google's conduct until May 14, 2010, when Google first announced that it had been intercepting and collecting WiFi data, including payload data, via Google Street View. Prior to that time a reasonable person would not have been alerted to investigate Google's conduct, nor could Plaintiffs or members of the Class have discovered such conduct earlier because of the deceptive practices and secrecy employed by Google to avid deception.

40. As a result of Google's fraudulent concealment, the running of any statue of limitations has been tolled with respect to the claims that Plaintiffs and members of the Class have alleged in this Complaint.

## FIRST CAUSE OF ACTION

### Violation of 18 U.S.C. § 2511, the Wiretap Act

### (On behalf of Plaintiffs and the Class)

41. Plaintiffs incorporate by reference the foregoing allegations.

42. Google violated 18 U.S.C. § 2511(1)(a) by intentionally intercepting and/or endeavoring to intercept electronic communications carried on by Plaintiffs and Class members' Wi-Fi networks without authorization, knowledge, or consent while the communications were en route, via its Street View Wi-Fi Data Collection practices.

43. The transmission of data by Plaintiffs and Class members over their Wi-Fi networks between their computers and the Internet constitute "electronic communications" within the meaning of 18 U.S.C. § 2510(12).

44. Google's Wi-Fi Data Collection practices as described herein constitute "interceptions" within the meaning of § 2510(4).

8

45. Plaintiffs seeks such preliminary and equitable or declaratory relief as may be appropriate, damages consistent with § 2520 (c), and reasonable attorneys' fees and costs.

46. Plaintiffs seek the maximum actual damages, profit disgorgement, or statutory damages allowed under § 2520(c) (2) (A) or (B).

## PRAYER FOR RELIEF

**WHERERFORE**, Plaintiffs, on behalf of themselves and the Class, prays for the following relief:

A. Certify this case as a class action on behalf of the Class defined above, appoint Stephanie and Russell Carter as class representatives and appoint their counsel as class counsel;

B. Declare that Google's actions, as set out above, violate the Wiretap Act;

C. As applicable to the Class award injunctive and equitable relief including, *inter alia*; (i) prohibiting Google from engaging in the acts alleged above; (ii) requiring Google to destroy all data illegally collected through the acts alleged above; and (iii) awarding Plaintiffs and Class members full restitution of all benefits wrongfully acquired by Google by means of the wrongful conduct alleged herein;

D. Award damages, including statutory damages, to Plaintiffs and Class members;

E. Award Plaintiffs and the Class their reasonable litigation expenses and attorneys' fees;

F. Award Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable;

9

G.  Enter injunctive and/or declaratory relief as is necessary to protect the interests of Plaintiffs and the Class; and

H.  Award such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiffs demand a trial by jury for all issues so triable.

Respectfully submitted,

Dated: June 2, 2010

**SPECTOR ROSEMAN KODROFF & WILLIS, P.C.**

By: _____
Jeffrey L. Kodroff
John A. Macoretta
1818 Market Street – Suite 2500
Philadelphia, PA   19103
Telephone No.: 215-496-0300
Facsimile:   215-496-6611

*Attorneys for Plaintiffs*